Becker v. Breen.

GEORGE BECKER ET UX. V. JOHN P. BREEN.

FILED APRIL 9, 1903. No. 12,496.

1. **Written Offer to Allow Judgment to Be Taken:** ACCEPTANCE: NOTICE. A written offer to allow judgment to be taken against a defendant for a sum specified, made under the provisions of section 565 of the Code of Civil Procedure, to be available for the purpose of the rendition of a judgment on such offer of compromise, must be accepted and notice thereof given to the party making the offer within five days from the time of making the same.

2. **Motion to Vacate Judgment Rendered on Offer to Compromise:** ERROR. *Held,* In the case at bar, the trial court erred in overruling a motion to vacate a judgment rendered on an offer to compromise made in pursuance of the provisions of said section, it being disclosed by the record that there was no acceptance of such offer and no notice of acceptance given within the time and manner required by statute.

ERROR to the district court for Douglas county: IRVING F. BAXTER, DISTRICT JUDGE. *Reversed.*

*Carl E. Herring* and *Charles S. Lobingier,* for plaintiffs in error.

*John P. Breen, pro se.*

HOLCOMB, J.

In this action the plaintiff sued to recover $100 for attorney's fees alleged to be due him from two defendants, husband and wife. In the lower court, where the case was

pending on appeal, the wife answered separately by a general denial, and the husband answered, alleging that the services performed were by virtue and in pursuance of an express oral contract for which the answering defendant was to pay the sum of $25, which at all times he had been ready and willing to pay, and which he brings into court and tenders to the plaintiff.

After the issues were formed and the cause had been regularly continued over the term, the plaintiff filed in the action what purported· to be a written offer to allow judgment to be taken against the defendants for the sum of $75, whereupon the order of continuance was set aside and vacated, and judgment entered against the defendants for the sum mentioned in the offer. The defendants at the same term, and on the second day following, filed a motion praying the court to set aside and vacate the judgment so rendered, assigning different reasons therefor, the substance of which was that the judgment was erroneously entered, and the written offer on which the court acted was improperly filed in the case. The motion was supported by affidavits. In the order overruling the motion, it is recited that "even if it be conceded that the said judgment was irregularly entered in this case, still the court find that there being no evidence or showing offered by the said defendants in support of their motion that they have any defense to the said plaintiff's cause of action or to the said judgment as it stands, their motion to vacate the said judgment should be overruled." The offer to allow judgment to be taken against the defendants was served on the plaintiff October 23, 1900. An acceptance by the plaintiff is noted thereon, without any date as to the time accepted. The offer was not filed in the case until June 29, 1901. It is disclosed by the record that the defendants had no notice of any acceptance of the offer of compromise, and no knowledge of the proceedings had in the district court at the time it was filed in the case, the order of continuance vacated, and judgment rendered according to its terms. The paper filed appears to have

been a copy left with the plaintiff at the time it was made in October, 1900. It is, we think, manifest that the offer was made as an offer to compromise under and in pursuance of the provisions of sections 565 and 566 of the Code of Civil Procedure, title 15, chapter 1, entitled "Offer to Compromise."

While there are other provisions relating to the confession of judgments (sections 433 to 437 of the Code of Civil Procedure), and offers to confess judgment (section 570), it is apparent from an inspection of the record in the case at bar that the proceedings taken were not in pursuance of either of the sections last referred to. There was no appearance in court by defendants, and no paper filed therein by them, whereby they either confessed or offered to confess judgment under the provisions of said last mentioned sections. Recurring, then, to section 565, it is to be observed that when an offer in writing to allow judgment to be taken against a defendant for a sum specified is served on the plaintiff, and he accepts the offer and gives notice thereof to the defendant or his attorney within five days after the offer is served, the offer and an affidavit that the notice of acceptance was delivered in the time limited may be filed by the plaintiff, which shall be noted on the journal, and judgment rendered accordingly. If, however, the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. These provisions were not complied with and the written offer expired by limitation, when not accepted and notice thereof given within the time stated. The plaintiff was not authorized to make any use of the written offer different from that contemplated by the statute, and his failure to give notice of the acceptance of the offer within five days from the time it was served on him operated, by reason of the provisions of this section, as a withdrawal of the offer, and thereafter it could have no force or effect, and could not serve as a basis on which a judgment could be rendered, with-

out the consent of the defendants. The judgment, it is manifest from an inspection of the record, was irregularly and erroneously entered, and the motion to have it vacated· ought to have been sustained.

The reason given by the trial court for overruling the motion, because no showing of a defense was presented, can not, we think, be upheld in the face of the record disclosing a meritorious defense to the plaintiff's cause of action pleaded in the separate answers of the two defendants. The offer was in its nature an offer to compromise, and was withdrawn because of failure to give notice of its acceptance. It was thereafter as though no such offer had been made. It could serve no further purpose in the case. It could not be used as evidence, or as a basis for the rendition of a judgment against the defendants. The offer of compromise having no virtue or life after nonacceptance for five days, we are confronted with a record from which it appears that the trial court rendered its judgment in favor of the plaintiff with the pleadings in the state in which we find them, and with no evidence in support thereof, and nothing from which it can be said the judgment was by consent of parties, nor in pursuance of a confession that the amount for which the judgment was rendered was due from the defendants to the plaintiff. A judgment so rendered is erroneous and contrary to law, and can not be upheld when properly challenged.

For the error committed in the rendition of the judgment and in overruling the motion to vacate the same, the judgment complained of is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.